

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,754-01

### EX PARTE KWAMAE LADON NEWBY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W17-75404-K(A) IN THE CRIMINAL DISTRICT COURT # 4
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated robbery and was sentenced to thirty years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel failed to investigate his background and incorrectly advised him on his ability to be placed on community supervision. Further, Applicant alleges that trial counsel was ineffective for failing to file a motion for new trial and for failing to file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393

S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Trial counsel's response should include whether Applicant requested trial counsel file a motion for new trial and notice of appeal, whether trial counsel investigated Applicant's background, and what trial counsel told Applicant regarding his ability to be placed on community supervision. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. See TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary and whether trial counsel's performance was deficient. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. See TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 22, 2022
Do not publish